IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:20-cr-53 |
| MYRA PREVATT, | |
| Defendant. | |

**O R D E R**

Defendant Mya Prevatt has filed a document with the Court through which she requests that the Court "grant [her] 24 months more time served." (Doc. 596.) The Court construes this Motion as either a motion challenging her sentence computation pursuant to 28 U.S.C. § 2241 or a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Prevatt's putative Section 2241 Motion, and **DENIES** Prevatt's Motion for Compassionate Release, (doc. 596).

**BACKGROUND**

After Prevatt pleaded guilty to possession with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime, the Court sentenced her to 70 months' imprisonment on September 14, 2021. (Doc. 444.) Prevatt is currently serving that sentence in the custody of the United States Bureau of Prisons ("BOP") in a facility in West Virginia. (Doc. 600, p. 2.) In her recent Motion, Prevatt requests that the Court grant her "24 months hardship time" because she was incarcerated in a local detention facility during the COVID-19 pandemic. (Doc. 444, p. 1.)

**DISCUSSION**

The statutory basis for Prevatt's request is not clear. It does not appear that Prevatt contends that the BOP failed to give her credit for time that she served prior to her sentence as she requests "24 months more time served." (Doc. 596, p. 1.) Nonetheless, as the United States points out in its Response, to the extent that Prevatt challenges the BOP's calculation of her sentence, she would have to first exhaust her administrative remedies within the BOP which she has apparently not accomplished. See United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005). Further, Prevatt would have to bring her sentence calculation claim via 28 U.S.C. § 2241 in the district of her current confinement. See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). Because she is not currently confined in this district, the Court could not grant her any relief under Section 2241. Thus, to the extent that Prevatt intended to bring her claim pursuant to 28 U.S.C. § 2241, the Court **DENIES** that claim **WITHOUT PREJUDICE**.

Rather than challenging her sentence calculation, it appears that Prevatt asks the Court to revisit her sentence. Thus, the Court construes Prevatt's Motion as a Motion for Compassionate Relief. The First Step Act at 18 U.S.C. § 3582(c)(1)(A) provides a narrow path for a district court to reduce the sentence of a criminal defendant where there are "extraordinary and compelling reasons" to do so. 18 U.S.C. § 3582(c)(1)(A)(i). Prior to the passage of the First Step Act, only the Director of the BOP could file a motion for compassionate release in the district court. The First Step Act modified Section 3582(c)(1)(A) to allow a defendant to move a federal district court for compassionate release. However, there are four prerequisites to a court's granting compassionate release under the First Step Act. First, the defendant must have exhausted her administrative rights with the BOP. Id. Second, the court must find that "extraordinary and compelling reasons warrant" release. 18 U.S.C. § 3582(c)(1)(A)(i). Third, the court must consider

the factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A).  Fourth, the court must find that release is consistent with the Sentencing Commission's policy statements.  18 U.S.C. § 3582(c)(1)(A).

### A. Defendant Failed to Exhaust her Administrative Remedies.

The United States argues that Prevatt cannot meet the first of these requirements—exhaustion of administrative remedies—because she has failed to present her request for release to the Warden or anyone within the BOP.  (Doc. 600, p. 3.)  Specifically, Section 3582(c)(1)(A) prescribes that a defendant may file a motion for compassionate release only "after [she] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."  18 U.S.C. § 3582(c)(1)(A).  Because Prevatt did not provide BOP with an "opportunity to assess" the arguments she now raises before seeking relief from this Court, she failed to exhaust her administrative remedies.  See, Order United States v. Heller, 2:18-CR-56 (S.D. Ga. Nov. 2, 2020) ECF No. 423, p. 4.  The Court cannot grant Prevatt compassionate release until she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  In the face of the Government's Response, Prevatt has failed to demonstrate that she fulfilled this requirement before bringing her Motion for Compassionate Release.

### B. Prevatt has Failed to Establish an Extraordinary and Compelling Reason Warranting her Release

The Court may only grant Prevatt compassionate release and reduce her sentence if it finds that "extraordinary and compelling reasons" warrant such a reduction and that the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing

Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018). The application notes to this policy statement list three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under Section 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. at § 1B1.13 cmt. n.1(A)–(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. at § 1B1.13 cmt. n.1(D).

In United States v. Bryant, 996 F.3d 1243, 1252—62 (11th Cir. 2021), the United States Court of Appeals for the Eleventh Circuit held that a district court may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with Section 1B1.13's definition of extraordinary and compelling reasons. The court in Bryant further concluded that the fourth catch-all provision in the commentary to Section 1B1.13 does not grant district courts the discretion to develop other reasons outside those listed in Section 1B1.13 that might justify a reduction in a defendant's sentence. Bryant, 996 F.3d at 1265.

Prevatt's reason for reducing her sentence, that she was detained in a local detention facility and placed on lockdown during COVID-19, do not fall within any of the recognized categories of extraordinary compelling reasons. As she has failed to make this showing, the Court cannot grant her compassionate release.

### C. Defendant's Release Would Contradict the Section 3553(a) Factors.

Further, putting aside the Government's exhaustion arguments and Prevatt's failure to cite an extraordinary and compelling reason, the Court can only grant compassionate relief "after considering the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A); see also, United States v. Webster, No. 3:91CR138, 2020 WL 618828, at *5–6 (E.D. Va. Feb. 10, 2020) (denying defendant compassionate release even though defendant's terminal cancer presented extraordinary and compelling grounds for relief because the purposes of sentencing weigh against compassionate release and noting "[e]ven if a defendant meets the eligibility criteria for compassionate release, the Court retains discretion over whether to grant that relief."). Pursuant to Section 3553(a), federal courts must impose sentences "sufficient, but not greater than necessary" to satisfy the purposes of sentences. 18 U.S.C. § 3553(a). To that end, courts must consider:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;
2. the need for the sentence imposed –
   a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   b. to afford adequate deterrence to criminal conduct;
   c. to protect the public from further crimes of the defendant; and
   d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the kinds of sentences and the sentencing range established for [the applicable offense category as set forth in the guidelines];
5. any pertinent policy statement ... by the Sentencing Commission;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

An evaluation of these factors weighs heavily against Prevatt's request for compassionate release. The facts of this case, including those established by Prevatt's own admissions, reveal a serious level of criminality. Congress established a sentence of up to twenty years' imprisonment

for her drug distribution crime, and up to life imprisonment for her firearm possession crime. (Doc. 410, p. 18.) Moreover, she has a troubling criminal history which resulted in a criminal history category of V under the United States Sentencing Guidelines. (Id. at pp. 9—13.) Given her serious offense conduct and criminal history, the Guidelines recommended that she receive a total sentence of 90 to 97 months' imprisonment. (Id. at p. 18.) Prevatt's sentence of 70 months' imprisonment fell well below this range. Additionally, Prevatt already received a substantial benefit from the plea agreement as the charges she originally faced would have resulted in a mandatory minimum penalty of fifteen years' imprisonment. (Id. at p. 19.) It is concerning that Prevatt seeks a further reduction in her sentence after already receiving these benefits.

Moreover, the Court was aware of the time that Prevatt spent in the local detention facility when it sentenced her. Further, the Court sentenced her only approximately thirteen months ago. Even considering the time Prevatt was detained prior to her sentence, releasing Prevatt after such a short period would not reflect the seriousness of her offense, would not provide just punishment, and would contradict the purposes of deterrence. 18 U.S.C. § 3553(a)(2)(A)-(B). Further, remaining within the custody of the Bureau of Prisons provides Prevatt the opportunity to receive "needed educational or vocational training" and "other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). Moreover, allowing Prevatt to be released would create significant sentencing disparities between Prevatt and other defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6). In sum, the Court has reviewed all the Section 3553(a) factors and finds that they warrant the denial of her request for compassionate release. Thus, regardless of the issue of exhaustion, the Court **DENIES** Prevatt's request for compassionate release.

## CONCLUSION

Based on the foregoing, the Court **DENIES WITHOUT PREJUDICE** Prevatt's putative Section 2241 Motion, and **DENIES** Prevatt's Motion for Compassionate Release, (doc. 596).

**SO ORDERED**, this 16th day of November, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA